**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-24403-BLOOM/Otazo-Reyes**

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FNMA"),

    Plaintiff,

v.

ROBERTO SOLER,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 27, 2020, *pro se* Defendant Roberto Soler ("Defendant") removed the instant foreclosure action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to federal court on the basis of federal question jurisdiction. ECF No. [1] ("Notice"). The Court has carefully reviewed the Notice, the record in this case, the applicable law, and is otherwise fully advised.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). Furthermore, "a federal

court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)). Accordingly, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also Lexington-Fayette Urban Cty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816-17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." (citation omitted)). As such, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

The Notice in the instant action states that subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1331 on the basis that Defendant's mortgage contract is federally insured. ECF No. [1] at 2. Aside from this statement, Defendant points to no federal law to support federal question jurisdiction, and a review of the complaint in the state court case—which was not attached to the Notice—reveals no federal question that would support the existence of this Court' jurisdiction here. Defendant's Notice falls short of meeting its burden of establishing original jurisdiction here. The Court therefore concludes that it does not have subject-matter jurisdiction over the instant action and that remand is appropriate here. *See Family Meat, Inc.*, 2019 WL 8160417, at *2 (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

Case No. 20-cv-24403-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, October 30, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Roberto Soler
736 SE 8th Place
Hialeah, FL 33010